IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| LEROY AURTHUR HASKINS, #267768 | * | |
| Petitioner | * | |
| | * | |
| v. | * | Civil Action No. JFM-07-222 |
| | * | |
| JAMES S. SMITH, et al., | * | |
| Respondents | * | |

oOo
**MEMORANDUM**

Pending is a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Leroy Aurthur Haskins, a state prisoner confined at the Jessup Correctional Institution, challenging revocation of his probation in the Circuit Court for Baltimore City on January 25, 2006. Haskins generally contends that the Circuit Court incorrectly revoked his probation because "[r]ule [a]llegations were overlooked" and he received ineffective assistance of counsel. Petition, p. 6. On January 12, 2007, this court dismissed without prejudice Haskins's first 28 U.S.C. §2254 petition challenging revocation of probation for failure to exhaust state court remedies. *See Haskins v. Smith et al.*, Civil Action No. JFM-0602831 (D. Md.).[1] Petitioner also filed a motion to proceed in forma paueperis which will be granted by separate order. The instant petition, like its immediate predecessor, must be dismissed without prejudice.

**I. Procedural Background**

On September 2, 1997, Haskins pleaded guilty to attempted murder and a handgun offense

---

[1] In his first petition, Haskins raised only a general claim of error by the revocation court. Respondents moved for dismissal based on failure to state a cognizable claim and failure to exhaust. Respondents averred the claim was also likely procedurally defaulted. *See Haskins*, Civil Action No. JFM-06-2831(D. Md).

for which he was sentenced to thirteen years imprisonment, eight years suspended, and three years probation. Haskins neither filed for leave to appeal the guilty plea nor did he file for post-conviction relief.

On November 30, 2005, Haskins was found guilty of violating his probation. He was sentenced on January 25, 2006. Haskins did not file for leave to appeal the ruling on his probation, nor has he sought post-conviction relief in regard to the revocation.[2]

## II. Threshold Issues

### Cognizability

Federal courts are authorized to review petitions for writs of habeas corpus filed by state prisoners claiming violations "of the Constitution or the laws or treaties of the United States." 28 U.S.C. § 2254(a). Unless federal constitutional violation is raised, a petitioner fails to state a cognizable claim for federal habeas corpus relief. *See Estelle v. McGuire*, 502 U.S. 62, 67-8. (1991).

### Exhaustion

A claim for habeas relief must also be exhausted. *See* 28 U.S.C. § 2254(b) and (c); *Picard v. Conner*, 404 U.S. 270, 275 (1971). This court cannot grant habeas relief unless a petitioner has exhausted the remedies available to him in the state courts of Maryland. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). "Where questions concerning exhaustion arise, the petitioner bears the burden of demonstrating that state remedies have, in fact, been exhausted." *Mallory v. Smith*, 27

---

[2] In his second petition, Haskins raises claims of ineffective assistance of counsel. He does not state that he has availed himself of post-conviction remedies since the filing of his first habeas petition. In regard to his general claim of error by the revocation court, he states he filed a motion for modification of sentence. Haskins did not file a direct appeal of the revocation of his probation.

F.3d 991, 994-95. (4th Cir. 1994).

To exhaust a claim on direct appeal, it must be raised in an appeal to the Maryland Court of Special Appeals, and then to the Maryland Court of Appeals by way of a petition for writ of certiorari. See Md. Code Ann., Cts. And Jud. Proc. Art., §§ 12-201, 12-202, 12-203, 12-301-12-302, 12-307, and 12-308. A petitioner may also collaterally attack his conviction pursuant to the Maryland Uniform Post Conviction Procedure Act. *See* Md Code Ann., §§ 7-101 et seq.

### III. Discussion

In regard to his first claim, Haskins does not present a claim of constitutional infringement. It is unstated as to what "rules" he believes the revocation court misapplied. As such, this claim is not cognizable. *See Estelle*, 502 U.S. at 67-68. In regard to his claim of ineffective assistance of counsel, petitioner has yet to avail himself of state post-conviction remedies. For example, he has yet to file a petition for post-conviction relief in the Circuit Court for Baltimore City.

### IV. Conclusion

Accordingly, a separate order will be entered dismissing the petition without prejudice. Petitioner is cautioned there is a one-year filing deadline for 28 U.S.C. §2254 petitions. *See* 28 U.S.C. § 2244(d). If he intends to refile this petition after exhausting his state remedies, he must take care not to miss the deadline. A separate order follows.

February 6, 2006  /s/
Date  J. Frederick Motz
 United States District Judge

3